UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

IN RE: SEIZURE OF $20,170.00 OF UNITED STATES CURRENCY, 330 CARTONS OF VARIOUS CIGARETTES, 359 PACKS OF VARIOUS BRANDS OF CIGARETTES, CASHIERS CHECK IN THE AMOUNT OF $8,333.82, AND 4152 CARTONS OF VARIOUS BRANDS OF CIGARETTES.

NO. CV-06-245-RHW

**ORDER DENYING J & J SMOKESHOP'S MOTION FOR RECONSIDERATION**

Before the Court is J & J Smokeshop's Motion for Reconsideration (Ct. Rec. 4). The motion was heard without oral argument

On September 1, 2006, J & J Smokeshop filed a Motion for Return of Property - FRCrP 41(g) (Ct. Rec. 2). The basis for the motion was that the ATF failed to provide proper notice under 18 U.S.C. § 983(a)(1)(A) and that J & J Smokeshop believed that it was in lawful possession of the cigarettes. On November 7, 2006, the Court denied Defendant's Motion for Return of Property, declining to exercise its equitable jurisdiction to hear Plaintiff's Motion for Return of Property (Ct. Rec. 13). On November 21, 2006, J & J Smokeshop filed a Motion for Reconsideration (Ct Rec. 14).

**DISCUSSION**

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890

(9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). It is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. A motion under Rule 59(e) "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

Based on the caption of J & J Smokeshop's motion, it was clear to the Court that J & J Smokeshop was relying on Fed. R. Crim. P. 41(g) as authority for its requested relief. It is true, however, that J & J Smokeshop referred to 18 U.S.C. § 983, the statute applicable to civil forfeiture proceedings, in their briefing. Nevertheless, in order for section 983 to apply, it is necessary for a nonjudicial civil forfeiture proceeding to be commenced. 18 U.S.C. § 983(a)(1)(A)(I) ("in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute . . ).

In its Reply Memorandum in Support of Plaintiff J & J Smokeshop's Motion for Reconsideration of Order Denying Motion for Return of Property, J & J Smokeshop argued that the filing of the Notice of Forfeiture commenced civil forfeiture proceedings. The Court agrees. *See United States v. $80,180.00 in U.S. Currency*, 303 F.3d 1182, 1189 n.6 (9th Cir. 2002) (suggesting that a nonjudicial forfeiture proceeding is commenced when the government first provides the notice that is required by 18 U.S.C. § 983(a)(1)(A) to potential claimants).

J & J Smokeshop argues that section 983(e)(1) requires the return of Plaintiff's property. Section 983(e)(1) states:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
>
> (A) the Government knew, or reasonably should have known,

of the moving party's interest and failed to take reasonable steps to provide such party with notice, and

(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

On September 12, 2006, JoAnn Cook filed a Seized Asset Claim Form and claimed ownership of the property seized.

It is J & J Smokeshop's position that John Cook never received notice of the seizure. In order for section 983(e) to apply, however, Mr. Cook would need to show that he did not know or have reason to know of the seizure within sufficient time to file a timely claim. Moreover, a motion must be filed to set aside a declaration of forfeiture. There is nothing to suggest that a declaration of forfeiture has been made and J & J Smokeshop has never asked the Court to set aside a declaration of forfeiture. Thus, section 983(e) is inapplicable.

The Civil Asset Forfeiture Reform Act provides a mechanism for release of seized property found at 18 U.S.C. § 983(f), which provides:

(1) A claimant under subsection (a) is entitled to immediate release of seized property if-

(A) the claimant has a possessory interest in the property;

(B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

(C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

(D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs

the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and

(E) none of the conditions set forth in paragraph (8) applies.

18 U.S.C. d 983(f)(1).

J & J Smokeshop has not sought the release of the seized property as set forth in section 983(f)(2)-(3). Additionally, section 983(f) does not apply because at least one of the conditions set forth in paragraph (8) applies.

Section 983(f)(8) provides that subsection (f) does not apply if the seized property is to be used as evidence of a violation of the law. In a letter addressed to Mr. Weatherhead, counsel of record in this action, Geneva Miller Dunaway notified Mr. Weatherhead that ATF terminated the administrative forfeiture proceedings, and is holding the seized cigarettes as evidence.

This letter is important for another reason. Because ATF terminated the administrative forfeiture proceedings, section 983 not longer applies and J & J Smokeshop cannot rely on section 983(a)(1)(F) to demand the return of the cigarettes. Because the Court has already ruled that it will not exercise its equitable jurisdiction under Fed. R. Cr. P. 41(g) and J & J Smokeshop has not met the requirements for the granting of a motion for reconsideration, the Court denies J & J Smokeshop's Motion for Reconsideration.

Accordingly, **IT IS HEREBY ORDERED:**

1. J & J Smokeshop's Motion for Reconsideration (Ct. Rec. 4) is **DENIED**.

///

///

///

///

///

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 8th day of January, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\In re $20,170\reconsider.wpd